IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-285-H
No. 5:12-CV-574-H

| ANDRE BYNUM FINCH, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion filed on January 18, 2013. The government has moved to dismiss the motion for failure to state a claim upon which relief can be granted, and Petitioner has responded to the government's motion. This matter is ripe for adjudication.

## STATEMENT OF THE CASE

On December 5, 2011, Petitioner pleaded guilty, pursuant to a written agreement, to one count of conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 10, 2012, the court sentenced Petitioner to a 66-month term of imprisonment. Petitioner did not appeal his sentence. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts a claim for ineffective assistance of counsel. He argues that his attorney was ineffective in failing to argue against a two-level enhancement under the United States Sentencing Guidelines for possession of a dangerous weapon.

Petitioner has not demonstrated that his attorney acted unreasonably in failing to oppose the two-level enhancement imposed at sentencing. In order to prevail on an ineffective assistance claim, petitioner must satisfy the dual standards of *Strickland v. Washington*, 466 U.S. 668 (1984). First, petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. *Id.* at 687–91. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694.

In reviewing ineffective assistance claims, courts must make "every effort . . . to eliminate the distorting effects of hindsight," *id.* at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," *United States v. Roane*, 378 F.3d 382, 410 (4th Cir. 2004) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

Petitioner presents no facts to demonstrate that his attorney's representation fell below "an objective standard of reasonableness" or that he was prejudiced as a result of his attorney's actions. Rather, the record suggests that Petitioner's attorney succeeded in getting Petitioner a sentence almost half that mandated by the statutory minimum.

Petitioner argues that he would have received a shorter sentence had his attorney argued against the two-level enhancement for possession of a dangerous weapon. However the record does not support his argument. Considering the statutory minimum and the sentencing guidelines, Petitioner's guideline range was set at 120 to 135 months. The statutory minimum set the floor of the sentencing range. Removing the two-level enhancement for possession of a

2

dangerous weapon would have had no effect on the guideline range—the low end of Petitioner's sentencing range would still have been 120 months. Further, the government submitted a motion for a downward departure based on substantial assistance pursuant to the United States Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. § 3553(e). Subsequently, Petitioner was sentenced to a 66-month term of imprisonment, a term well below the statutory minimum. Petitioner has not shown that his attorney's representation fell below the standard of reasonably effective assistance, and he has not shown that the outcome would have been different but for his attorney's failure to argue against the two-level enhancement.

Additionally, Petitioner appears to be confusing the requirements of 18 U.S.C. § 924(c) and § 2D1.1 of the guidelines. Whereas § 924(c) requires one to possess a firearm in furtherance of a crime, under the guidelines the two-level enhancement applies unless "it is clearly improbable that the weapon was connected with the offense. 18 U.S.C. § 924(c) (2012); U.S. Sentencing Guidelines Manual § 2D1.1 cmt. 11(A) (2012). From the circumstances described in the presentence report, it is not "clearly improbable" that the weapon was connected with the offense. The gun was found in the trunk of Petitioner's car during a routine traffic stop. Petitioner stated that he kept the gun with him all the time. Thus, it is not clearly improbable that the weapon was connected with the conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base.

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss be GRANTED and Petitioner's motion to vacate be DISMISSED for failure to state a claim upon which relief can be granted.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to

file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 48½ day of November 2013.

_____
KIMBERLY A. SWANK
United States Magistrate Judge